UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B. Industry Advancement and Legal Services Funds and the Westchester Teamsters Local Union No. 456, <br><br> Plaintiffs, <br><br> -against- <br><br> COLUMBUS CONSTRUCTION CORP., <br><br> Defendant. | Index # 07-CIV-6649 (KMK) <br><br> **AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT** |

---

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF WESTCHESTER  )

Karin Arrospide, Esq., being duly sworn, deposes and says:

1. I am a member of the bar of this Court and am associated with the firm Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as the attorneys of record for the Plaintiffs, Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B. Industry Advancement and Legal Services Funds, (hereinafter referred to as the "FUNDS"); and the Westchester Teamsters Local Union No. 456 (hereinafter referred to as the "Union"), in the above entitled action. I am fully familiar with the facts set forth herein, and I submit this Affidavit in support of plaintiffs' entry of Default and Judgment.

2. Plaintiff Funds are jointly administered, multi-employer, labor management employee benefit trust funds established and maintained pursuant to the terms of various collective bargaining agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

3. Defendant COLUMBUS CONSTRUCTION CORP., (hereinafter referred to as "the Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185.

4. This is an action to recover certain delinquent benefit fund contributions owed to the Funds and contributions owed to the Union by the Employer pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Union and the Employer.

5. This action was commenced on July 24, 2007 by the filing of a Summons and Complaint. The Summons and Complaint was served upon the Employer on August 2, 2007 via Secretary of State.

6. The Proof of Service was filed with the Clerk of this Honorable Court on August 9, 2007. A copy of the summons, complaint and proof of service thereof are annexed hereto collectively as Exhibit "A".

7. The Employer has failed to answer, appear or otherwise defend this action within the time period permitted by law.

8. As set forth in the complaint, jurisdiction of the subject matter is premised upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended "ERISA" (29 U.S.C. Sections 1132 and 1145) and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. Section 185).

9. The Employer as party to the C.B.A. is required to remit to the Funds benefit contributions and reports in a timely fashion. If the Employer fails to remit the contributions in a timely fashion in accordance with the C.B.A. and the Funds are forced to file suit then the employer is required to remit assessed interest at the prime as stated on the 1st business day of the year and liquidated damages equivalent to 10% of the total amount of contributions that were remitted late. The C.B.A. also provides that in addition to the amount due as interest and liquidated damages there shall be added reasonable attorneys' fees and court costs and disbursements incurred by the Funds in the collection of the delinquency.

10. The Employer failed to remit to the Plaintiffs benefit contributions in the minimum sum of $105,140.98 for the period 7/06-1/08: (which includes $83,767.40 in unpaid contributions to the Funds and Union; $8,430.44 in interest calculated at ten percent (10%) per annum for each delinquent month through March, 2008; $1,736.40 in back owed for the period 9/04-7/05 and 4/06-6/06; $8,376.74 in liquidated damages calculated at 10% of the unpaid principal due; reasonable attorneys' fees in the amount of $2,400.00 and court costs and disbursements in the amount of $430.00 pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)). A copy of the Funds' statement for the contribution period 7/06-1/08, which provides the calculations of the unpaid contributions is attached hereto as Exhibit "B".

11. The amounts set forth in the Statement of Damages are justly due and owing no part thereof has been paid to the Funds. The amount of costs set forth therein consists of the following items and amounts:

|   |   |   |
|---|---|---|
| a. | Filing fee paid to the Clerk of the Court for the S.D.N.Y. | $350.00 |
| b. | Statutory fee paid to the New York Secretary of State in connection with service upon the Employer | $ 40.00 |
| c. | Fee to service of process corporation | $ 40.00 |
|   |   | Total: $430.00 |

12. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

13. Your affirmant was admitted to this Court in 2003, and I have been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than five (5) years. During the course of this case, I acted as lead counsel with the assistance of my paralegal with court filings. The customary rate for an associate attorney in our firm is $250.00 per hour and $100.00 for paralegals. The attorneys' fees sought on this application are 8 hours @ 250.00 per hour = $2,000.00 and 4.0 hours @ $100.00 per hour = $400.00. This rate and fee are reasonable and justified given the circumstances of this matter.

14. A summary of the total hours spent on various tasks by your affirmant and paralegal are as follows:

July 8, 2007  Review/analyze request for commencement of suit received from Funds Office; drafted and prepared demand letter to defendant/Employer; calendared deadline for payment; correspondence to Funds' Office regarding status of payment. 0.5 hours

July 18, 2007  Document preparation, drafted, reviewed and prepared summons, complaint, rule 7.1 statement, civil cover sheet, legal backs, court filing fees; preparation of all photocopies; drafted and prepared memorandum with instructions to process server; reviewed and analyzed Employer's status with NY Secretary of State for service. 2.0 hours

July 24, 2007  Electronically transmitted documents to court for ECF filing 0.5 hours

August 9, 2007  Attention to and filed Affidavit of Service electronically and in person witht the Clerk of the Court. 0.5 hours

September 16, 2007  Telephone conference with attorney representing Columbus; discussed extension of time to answer lawsuit. 1.0 hours

September 17, 2007  Reviewed Stip. Extending time to answer; executed same; sent back to counsel; calendared date for answer; conference with Roy Barnes regarding delinquency and potential parameters for settlement. 2.5 hours

October 10, 2007  Reviewed summary of delinquency received from Funds' Office; provided same to counsel for Columbus; corresponded via e-mail regarding possible length of payment terms. 3.0 hours

March 20, 2008  Telephone conference with Funds' Office regarding status of payments/non-payment of fringe benefit contributions 0.5 hours

March 26, 2008  Document preparation: drafted, prepared and filed OSC, supporting motion for entry of default; attorneys' affidavit, statement of damages, clerk's certificate, request for entry of default; reviewed and copied all annexed exhibits; service of all papers on defendant. 4.0 hours

15. As a result of Defendant's default, Plaintiffs are entitled to damages as follows:

    (a) In the minimum sum of $105,140.98, which includes $83,767.40 in unpaid contributions for the period 7/06-1/08; $8,430.44 in interest calculated at ten percent (10%) per annum for each delinquent month through March, 2008; $1,736.40 in back interest owed for the period 9/04-7/05 and 4/06-6/06; $8,376.74 in liquidated damages calculated at 10% of the unpaid principal due; reasonable attorneys' fees in

    (b) the amount of $2,400.00, court costs and disbursements in the amount of $430.00 all pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D).

    (c) For such other and further relief as the Court deems appropriate.

WHEREFORE, plaintiffs request the entry of Default and the entry of the annexed Judgment against defendants in the amount of $105,140.98.

Dated: Elmsford, New York
       April 16, 2008

_Karin Arrospide_
Karin Arrospide, Esq.(KA9319)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515

Sworn to before me this
16th day of April, 2008.

_____
Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010

**Exhibit B**



**Webmail**

 Help    Logout

 Inbox   Compose  Address Book  Folders  Options                           resa

My Mail > Inbox
prev | next

[ Delete ] or Move Message(s) to: [ Move ]                    [ Reply ]  [ Reply All ]  [ Forward ]

view message source | printable view

**From:** Anthony Vataj <avataj@teamsterslocal456funds.com>  [Add to Address Book | Whitelist | Blacklist]
**To:** <resa@bivaslaw.com>
**Cc:**
**Subject:** Default Judgment Breakdowns
**Date:** 3/20/2008
**Time:** 2:14 PM

**Attachments:** None

View message part: plain text | HTML                    View Message Contents in: Select Encoding:

Resa,

Here are the breakdowns you requested. ~~Concourse-Precast is an inactive company as of 8/6/07 and are no longer delinquent. Briga is current with their contributions and owe only back interest.~~

***Columbus Construction Corp.***

**Employer owes the following:**

| Period: | Principle: | Interest @ 7.20%: | Interest @ 10%: |
|---|---|---|---|
| 7/06-1/08 | $83,767.40* | $5,177.75 | $8,430.44 |

**Back Interest for Period(s) 9/04-7/05 and 4/06-6/06: $1,736.40**

* Columbus made a payment of $14,647.50 towards Daniel Bisbano's annuity. The principle shown reflects this payment.

***WJL Equities Corp.***

**Employer owes the following:**

| Period: | Principle: | Interest @ 7.20%: | Interest @ 10%: |
|---|---|---|---|
| 11/07-1/08 | $6,829.51 | $45.53 | $62.62 |

**Back Interest for Period(s) 6/07-10/07: $1,035.13**